Term, 1855.]                    Crise Ex Parte.

CRISE EX PARTE.

Upon an application for mandamus to the Auditor to compel him to issue his warrant for the damages assessed under the statute in favor of the owner, upon whose land the Swamp Land Commissioners have located a levee, it must show not only a regular inquisition and assessment of damages, as prescribed by the statute, but also that the levee had been built, was in process of construction, or was under contract.

Application for mandamus to the Auditor, filed during a vacancy in the office of Judge of the Fifth Judicial Circuit; denied, after the election and commission of the judge: upon motions to vacate the order denying the writ and for leave to amend the petition, the court was divided—Mr. Justice SCOTT, against permitting the amendment to be made; Mr. Chief Justice ENGLISH in favor of it.

*Petition for writ of Mandamus.*

SCOTT and WATKINS, for the petitioner.

Mr. Justice SCOTT delivered the opinion of the Court.

On the 12th day of February, 1855, upon the suggestion that there was *then* no judge of the Fifth Judicial Circuit in commission: the truth of which this court knew from the Governor's proclamation to that effect, and for fixing that same day for the election of that functionary, the petitioner was allowed to file an application, in this court, for a rule upon the Auditor of the State, to show cause why a mandamus should not be sent to him, to issue his warrant in favor of the petitioner for swamp land scrip, to the amount of $1558, in pursuance of an inquisition taken by the sheriff of White county, under authority of the Swamp Land Commissioners, and the verdict thereon rendered, and returned into the office of the clerk of the Circuit Court of White county.

On the 26th day of the same month of February, this court refused the petitioner's application, upon no ground touching the

merits of his claim for relief, but upon that, that he had not alleged, in his petition, in addition to his other allegations, either that the levee in question had been built, was in process of construction, or was under contract.

Before this last mentioned day, however, the present acting judge of the Fifth Judicial Circuit, had been commissioned and qualified.

And the petitioner now submits his several motions for the reconsideration of the opinion of this court, touching the aforesaid refusal, for the vacation of the judgment of refusal, and for leave to amend his original petition, so as to make it conform to the views of the court indicated. With regard to that, for re-consideration, although by reason of a temporary absence from the bench, I did not participate with my brother judges in the refusal of the application, yet I have found no sufficient reason to feel clear that the legal ground, upon which they placed it, ought to be departed from. Indeed, in view of the vast door that would be opened otherwise for exhausting the swamp land grant in advance of actual reclamation or practical commencement therefor, at which latter time only real injury to the landed proprietors would begin, there are weighty considerations persuasive to persist in occupying that ground.

As to the other motions, addressed as they are to the sound discretion of this court, although I doubt not but that abundant analogous precedents in courts of regular original jurisdiction, may be found going to their support, yet I am of opinion for their refusal. Because, like considerations with those which make it the duty of this court, so to exert its revisory power of superintending control, as to conflict with its ordinary appellate power, as regulated by law, as little as may be practicably consistent with the stern demands of justice in prevention of irreparable mischief, obviously inculcate that such of the powers of superintending control, as are of the nature of original jurisdiction, should be exerted only to a like restrictive extent to prevent a failure of justice from accidental causes. Else the result would be, that

beyond this, the courts of ordinary original jurisdiction would be improperly diminished of their rightful jurisdiction. *Carnall vs. Crawford Co.*, 6 *Eng.* 617, 618. Indeed, there are additional reasons which would authorize even greater strictness in the latter than in the former class of cases; since in every case where this court should exert powers of original jurisdiction, the losing party would be necessarily diminished of the ordinary right of such a party to have the judgment against him revised in an appellate court. See *Allis Ex parte*, 7 *Eng. Rep.* 108, 9 *and* 116.

During the period when the accidental cause existed, which would have authorized this court to have granted the petitioner the relief sought, he made, nor offered to make, any such *prima facie* case, as, in the opinion of this court, entitled him to relief. And now when he offers to make such a case, as I think he does, that accidental cause no longer exists.

In the exercise of a sound discretion, to which these motions are addressed, I the more readily assume the position taken, because it in no way delays the petitioner of his ordinary remedy, since when he made his original application here, the fall term of the Pulaski court, where he can rightfully seek relief, had already been closed; and, consequently, although the temporary vacancy in the judgship of the Fifth Judicial Circuit, had not occurred, yet until the spring term following, which is now not far off, he could not have been heard. Indeed, so far from being delayed, or in being otherwise injured by this course, he is benefited in so far as this court may have enlightened him, as to allegations in any petition he may present to the proper court. The motion, in my opinion, should be refused.

Mr. Chief Justice ENGLISH: I agree with brother SCOTT, that the amendment which the petitioner proposes to make to the allegations of his petition, would, if allowed to be made, entitle him to an alternative writ of mandamus against the Auditor; but am inclined to dissent from so much of his opinion as places the refusal to allow the amendment to be made, on the ground, that

this court has lost jurisdiction of the matter by the election and qualification of the circuit judge since the application was made for the writ in the first instance. It seems to me, that the court, having rightfully obtained jurisdiction of the cause in the out-set, might well retain it for all the purposes of the application, and that the application to permit the amendment, is addressed simply to the discretion of the court. Under the circumstances of this case, I should be inclined, on the score of discretion, to allow the amendment; but, on this point, the court being divided, and one of the judges absent, the amendment cannot be allowed, nor the writ ordered.

Mr. Justice SCOTT was absent when the mandamus was refused; and Mr. Justice WALKER when the motions were disposed of.