## GOOD ET AL. EX PARTE.

The case of *Allis ex parte*, 7 *Eng.* 101, that this Court awards the writs of *habeas corpus*, *mandamus*, *etc.*, in the exercise of its supervisory powers over the inferior tribunals, except where the exercise of primary jurisdiction is necessary to prevent a failure of justice, adhered to.

A writ of *mandamus* will not be awarded to compel the Circuit Court to admit to bail, unless all the facts upon which the Circuit Court based its decision are legally certified to this Court.

The statute (*Dig., chap.* 52, *sec.* 178) providing that the Circuit Court shall allow and sign the bill of exceptions taken by a party in the "progress of any trial," does not apply to applications for bail; nor can an appeal be taken from, nor a writ of error lie to, the decision of the Court or judge refusing bail.

If the Circuit Court or judge refuse to admit a prisoner to bail, upon a proper application to this Court, and showing of the facts upon which the judge acted, if the showing be sufficient, a writ of *certiorari* would be awarded to bring up, for revision, a transcript of all the proceedings upon the application; and for such purpose the judge, whether the application be made in term or vacation, should make a memorial of all the facts proven upon the application, and file the same with the clerk of the Circuit Court.

The application to this Court for a writ of certiorari to revise the judgment of the Circuit Court refusing to admit to bail, should contain a duly certified transcript of all the papers, etc., upon which the Circuit Judge acted, and of the memorial of facts so filed by him.

### *Petition for Writ of Habeas Corpus.*

FOWLER & STILLWELL, and GARLAND, for the plaintiffs.

W. L. D. WILLIAMS, *contra.*

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

The petitioners *Elias Good, Thomas Gilliam, John McCraw, Milton Beall,* and *James Eason,* in their application to this Court for *habeas corpus, etc.,* state that they, with other persons, were

jointly indicted for the alleged murder of *John C. Cobbs*, in the Pulaski Circuit Court; and having been arrested, and committed to jail, to answer the indictment, they applied to said Court, in term, to be admitted to bail: That the Court, after hearing the evidence adduced upon the application, refused to grant bail to petitioners, and refused to sign a bill of exceptions so as to spread upon the record the verbal evidence taken upon the examination, or to permit such evidence to be preserved, in any way, upon the record, for the use of petitioners; and remanded them to jail to await their trial, etc.

The petitioners do not state, or undertake to state, what facts were proven before the Court, on the examination for bail, but they make an abstract statement of their participation in the abuse which is supposed to have resulted in the death of Cobbs, and averring the motives which influenced their conduct, and denying any intention to take his life, they insist that, upon the facts, the offence could not amount to more than murder in the second degree, and therefore they were entitled to bail, etc.

With the petition is exhibited a transcript of the indictment, and the record entries showing the application for bail, the hearing of testimony, and the judgment of the Court refusing to grant bail to the petitioners, and remanding them to prison.

The petitioners pray this Court to grant them the writ of *habeas corpus*, and upon an enquiry into the facts, to admit them to bail: or that a writ of *mandamus* be awarded, requiring the Circuit Court, or judge thereof, to admit them to bail; or that the Circuit Court be required, by *mandamus*, to sign a bill of exceptions spreading the facts upon the record, etc., and that, by proper process, the proceedings be brought into this Court and revised, and such relief granted as petitioners may be entitled to, etc.

1. It would be the exercise of original jurisdiction for this Court to issue the writ of *habeas corpus*, hear the testimony anew, and grant or refuse the prisoners bail. It would be inconsistent with a series of adjudications of this Court, to the effect that it awards writs of *habeas corpus*, *mandamus, etc.*, in the ex-

ercise of its supervisory powers over the inferior tribunals, except in cases where the exertion of primary jurisdiction becomes absolutely necessary in order to prevent a failure of justice, by reason of some inherent defect in the subordinate tribunals, or incapacity in the incumbent, etc. See *Amour Hunt, Ex parte* (opinion of Mr. Justice SCOTT,) 5 *Eng*, 292; *Carnall vs. Crawford county*, 6 *Eng*. 617; *Marr, ex parte*, 7 *Ib*. 85; *Allis, ex parte, Ib*. 101; *Crise, ex parte*, 16 *Ark*. 193.

In this case no necessity is shown for a resort to the exercise of this extraordinary power of the Court.

2. We cannot, upon the showing made by the prisoners, award a *mandamus* to compel the Circuit Court, or judge, to grant them bail, as prayed; because we do not know that the Circuit Court was in error in refusing them bail. We have not before us the facts upon which the Court based its decision.

3. In the "*progress of any trial*," civil or criminal, if either party excepts to the opinion of the Court, and reduces his exceptions to writing, and prays the Court to allow and sign the same, the statute makes it the duty of the judge of the Court to do so, if the bill be true, etc. *Digest chap.* 52, *sec*. 178; *Ib. chap*. 126, *sec*. 107. *etc*. These provisions of the statute were hardly intended to apply to applications for bail, which occur before the *trial*, are incidental merely to the prosecution, and may be heard and determined in vacation as well as in term. It is doubtless, however, necessary and proper for the Court or judge, to make some memorial of the facts disclosed upon the examination, in order to enable the prisoner, if the bail is refused, to apply to the supervisory tribunal for a revision of the judgment, unless the decision of the Circuit judge, in such matters, is final.

Upon this application, we have thought it proper to determine whether the decision of the Circuit judge on an application for bail is conclusive, and if not, to settle the proper practice to be pursued in order to obtain its revision by this Court.

The appellate jurisdiction of this Court is exercised under such (constitutional) restrictions and regulations as may from

time to time be prescribed by the Legislature.   *Const. Art.* 6, *section* 2.

In all cases of *final judgment* rendered upon any indictment, an appeal is allowed to this Court.   *Dig. chap.* 52, *sec.* 225.

Writs of error are allowed on *final judgment in criminal matters.   Ib. sec.* 226, *p.* 421.

A party aggrieved by any final judgment, or decision of a Circuit Court in any civil case, may appeal to the Supreme Court.   *Digest, chap.* 126, *sec.* 141, *p.* 818.

Writs of error upon any final judgment, or decision of any Circuit Court, shall issue of course out of the Supreme Court, etc.   *Digest chap.* 127, *sec.* 1, *p.* 822.

By a uniform course of decisions of this Court, appeals may be made and writs of error allowed, in cases only where the judgment, or decision of the Circuit Court is final within the purview of these statutes, etc.

The application for bail in a criminal case, as above remarked, is a mere incident to the prosecution.   It may be made upon commitment, before as well as after indictment, and heard and determined in vacation as well as in term time.

The decision of the Court, or judge, cannot therefore be regarded as a final judgment within the meaning of our statutes regulating appeals and writs of error.   The statute regulating the practice on applications for *habeas corpus*, the provisions of which are very full in all other respects, makes no provision for appeal, or writ of error.   As to whether a writ of error would lie, at common law, to the judgment of a Court refusing a writ of *habeas corpus*, see *opinion of Chancellor Kent* in *Yates vs. People*, 6 *Johnson R.* 416, and cases cited; *How vs. State*, 9 *Mo.* 682; *Ingersoll on Habeas Corpus*, 32.

But because no provision is made for an appeal or writ of error, it does not follow that the decision of the Circuit judge is necessarily final and conclusive, under our system of jurisprudence, upon applications for *habeas corpus*, and bail.

The *habeas corpus* is the great constitutional writ for the protection of personal liberty, and *upon a sufficient showing*, is a

writ of right. (*Passmore Williamson's case*, 26 *Penn.* 15.) All prisoners are entitled to bail, by sufficient securities, unless in capital offences, where the proof is evident, or the presumption great. (*Bill of Rights, sec.* 16.) *Upon the trial*, in a capital case, the fact that the grand jury has found an indictment against the prisoner, is not to be regarded as raising any presumption of his guilt: on the contrary, it is a safe and a humane provision of the law, that the accused is presumed to be innocent, until his guilt is affirmatively shown. But for purposes of capture and detention, the indictment is necessarily treated as raising a presumption of guilt. It is not, however, regarded as conclusive, so as to preclude the prisoner from showing that he has the right to bail. *White ex parte*, 4 *Eng.* 222.

It would be a singular defect in our judicial system, if it were true that provision is made for reviewing the decisions of the Circuit judges upon all matters of pecuniary interest, however trifling, or inconsiderable, and their judgments are final and conclusive upon applications for *habeas corpus*, and admission to bail. But such, we think, is not the case. The power of revision is to be found in that clause of the constitution which confers upon the Supreme Court a general superintending controul over all inferior and other Courts of law and equity; and in furtherance of such superintending and controlling power, to issue writs of *habeas corpus, certiorari, mandamus, etc. etc.*, and to hear and determine the same. *Art.* 6, *sec.* 2.

If an application be made to the Circuit judge for *habeas corpus*, and the writ is refused, upon proper application to this Court, exhibiting the showing that was made to the Circuit judge, if deemed sufficient to entitle the party to the writ, a mandamus would be awarded to compel the judge to grant the writ, etc. *Wright vs. Johnson*, 5 *Ark.*

If upon the hearing of an application for bail, the Circuit Court, or judge refuse to admit the prisoner to bail, upon a proper application to this Court, and showing of the facts upon which the judge acted, if the showing be deemed sufficient, a certiorari would be awarded to bring up a transcript of the

papers and proceedings upon the application for bail, for revision, and if it was determined that the prisoner was entitled to bail, this Court might bring him before it by habeas corpus, and admit him to bail, or if deemed more convenient, direct the Circuit judge, by the proper mandate, to do so.

In order to enable the prisoner to make a proper showing to this Court, if the application for bail be heard and determined in vacation, the application with the accompanying papers, the refusal of the judge endorsed, and a memorial of any verbal facts proven upon the hearing, made and certified by him, should be returned to the office of the Circuit Clerk, and there deposited. See *sec.* 20, *chap.* 81, *Article III*, *Dig. p.* 579, (except, of course, any document that the officer having custody of the prisoner may be entitled to.)

If the application for bail be heard and determined in term time, the judge should make a similar memorial of the facts proven upon the hearing, if any, and upon which he determined the right to bail. The record entries and the papers filed in the application, would of course constitute a part of the proceedings, and remain in the Court.

In either case the party desiring to apply to this Court for a revision of the decision of the judge could procure from the clerk a certified transcript of the proceedings, and exhibit it with his application: If upon such *ex parte* showing, the Court should be of the opinion that a probable case was made out, a *certiorari* would be awarded as above indicated, etc.

If the Circuit judge determines the right to bail upon the evidence taken before the committing magistrate, and reduced to writing by him, (See *Dig.*, *p.* 578 *sec.* 14,) of course no further memorial of the facts would be required.

If it be objected that the Circuit Judge might make an unfair statement of the oral evidence introduced upon the examination, and the prisoner would be without remedy, the answer is, that whilst a judge might commit an error in reference to matters of law, it is to be presumed that he would act fairly and impar-

tially in making a memorial of facts proven before him. Such would be his duty under the solemn oath of office.

It was said in the argument of this application, as a reason why the judgment of the Circuit Judge upon an application for bail, should not be reviewed, that he being present at the examination of the witnesses, and having opportunities not afforded to this Court, of observing their appearance, manner of testifying, etc., would be more competent to judge of the credit to be attached to their statements, than this Court possibly could be upon any memorial of the facts stated by them, that could be made by the Judge presiding. This may be true, but it does not follow that the power of revision should be denied, but merely that it should be cautiously exercised, and that the decision of the Circuit Judge should not be overturned except in cases of manifest error, etc.

That the practice above indicated is the correct one, see the following authorities. *In Re Kaim*, 14 *Howard U. S.* 103, *and cases cited; Ex parte, Croom & May*, 19 *Ala.* 561; *Ex parte, Simonton*, 9 *Port.* 383; *Field vs. Milly Walker*, 17 *Ala.* 80; *Ex parte, Stiff*, 18 *Ib.* 464; *Ex parte Banks*, 28 *Ala.* 89.

It was the duty of the Circuit Judge, as above indicated, to have made a memorial of the facts disclosed upon the examination, in order to enable the prisoners to make a proper application to this Court for a review of his decision refusing them bail. We presume, however, that his omission or refusal to do so, was not through any disregard of official duty, but because the proper practice to be pursued in such cases had not been settled.

Upon the application now before us, we shall not award a mandamus to compel him to make such memorial, for the reason that we do not know that it would be of any avail to the prisoners if made, as they have not undertaken to state, in their petition, what facts were proven before the Judge, as above shown.