# C·A S E S·

## ARGUED AND DETERMINED,

### IN THE

# SUPREME COURT OF ARKANSAS,

## At the January Term, A. D. 1859.

---

### JONES, EX PARTE.

On reviewing the decision of the Circuit Court, refusing to admit to bail, in a prosecution for murder, this Court will hold, that the Circuit Court was competent to judge of the credibility of the witnesses, if they were personally present, and examined in Court; but where the application for bail is made and denied, upon the testimony taken before the committing magistrates, this Court will give to the prisoner the benefit of all reasonable doubts arising from a conflict of testimony.

*Petition for Habeas Corpus, to be admitted to bail.*

Before Mr. Chief Justice ENGLISH, and Mr. Justice BATSON.

WILLIAMS & WILLIAMS, for the petitioner.

1

Mr. Justice BATSON, delivered the opinion of the Court.

The petitioner, *Samuel Jones*, states that, on the 8th day of November last, he was, by two Justices of the Peace of Prairie county, sitting as an examining Court, committed to the common jail of said county, to answer to an indictment to be preferred against him for the alleged murder of one *John M. Smith:*

That afterwards, at the November term of the Circuit Court of said county, an indictment was returned against him for murder:

That being in the custody of the sheriff to answer said indictment, he made his application for continuance, which was granted; and, afterwards, on a day of that term, applied to the Court to be admitted to bail:

That the Court proceeded to hear the application upon the testimony taken down by the committing magistrates, and on file in said Court; and, thereupon, overruled the application, and refused to admit petitioner to bail.

With the petition is exhibited a transcript of the mittimus of the committing magistrates, the indictment, record entries of the application, hearing, and refusal of bail, and also the testimony taken before the committing Court, duly certified by the Judge of Prairie Circuit Court, to contain a memorandum of the testimony heard by him on the application and refusal to admit the petitioner to bail.

Petitioner states that the sheriff of Prairie county, deeming his jail insufficient, had committed him to the common jail of Pulaski county, where he is now imprisoned; and prays to be brought before this Court by *habeas corpus*, or that *mandamus* issue to the judge of Prairie Circuit Court, commanding him to admit petitioner to bail.

At the hearing of the application for bail, in the Court below, the testimony of several witnesses, on the part of the State as well as in behalf of the petitioner, taken and reduced to writing by the committing magistrates, was read; which was all the evidence adduced. And, while it is our desire to refrain

from giving an opinion that would be in any wise calculated to prejudice the rights of the State, or the prisoner, on the final trial of this cause, we feel constrained to say, that the examination of the witnesses does not appear to be as searching, or the evidence as easily reconciled, as we would desire, for the purposes of this application.

If the Circuit Judge had caused the witnesses to be brought before him for examination, and had the opportunity for observing their appearance, manner of testifying, etc., we should hold that he was competent to judge of the credit to be given to their testimony, and presume that the credibility of witnesses had been passed on by him.   But the facts presented by the record do not allow us to indulge such presumption.

While we adhere to the doctrine, held by this Court in *Good et al. ex parte*, 19 *Ark*. 410, that this Court has the power of revision, but that it should be cautiously exercised, we cannot lose sight of that humane principle of the law that requires every reasonable doubt to go to the benefit of the prisoner.

Giving to the petitioner the benefit of such reasonable doubts, as arise in our minds when we attempt to reconcile the testimony, we think it right to admit him to bail.

It appears from the petition, that the petitioner is now imprisoned in the jail of Pulaski county, and we think it would be more convenient to bring him before this Court by *habeas corpus*, to be admitted to bail, than to issue mandamus to the Circuit judge of Prairie county.

The writ of habeas corpus is awarded.