## THE AUDITOR VS. CRISE.

After an inquest of damages under section 40 of the act of 12th January, 1853, the Auditor will not be allowed to deny that the party is the owner of the land upon which the levee was located, to defeat the payment of the damages, (*Crise vs. The Auditor,* 17 *Ark.* 574)—if the inquest was a fraud, the remedy of the State to set it aside and prevent the payment of the damages, is plain and ample.

But in an application to compel the payment of the damages in such case, it must be alleged that the levee has been placed under contract—an allegation to this effect is material, and in this case must be considered as *res adjudicata.* (*Crise Ex parte,* 16 *Ark.* 194.)

*Appeal from Pulaski Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

S. H. HEMPSTEAD, Solicitor General, for the appellant.

WATKINS & GALLAGHER, for the appellee.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

This case has been twice here before. See *Crise Ex parte,* 16 *Ark.* 193; *Crise vs. The Auditor,* 17 *ib.* 572.

After the remanding of the cause, upon reversal, when it was last here, the Auditor filed an amended response, in substance, as follows:

"Respondent denies that the swamp land levee, located on the bank of Little Red river, in said county of White, passed through the field, or lands of said Crise, or that he, at the time of taking the inquisition of the jury as to the damages sustained, was the proprietor of any tracts or parcels of land in said county, through which any levee was located, in manner

and form as alleged in said petition, (for mandamus,) and requires proof of the same.

" Respondent further says that he is informed, and believes it to be true, and so charges, that said levee was not placed under contract by the board of swamp land commissioners, as in said petition alleged; and he positively denies that the same became, and was in process of construction, but on the contrary, charges the truth to be, that no steps have been taken to build said levee, or any part thereof, and that no labor whatever has been done in and about the erection of said levee, under any contract of said board, etc., or otherwise, and avers that no damages whatever have been sustained by said petitioner in the premises," etc.

Crise demurred to the response, the Court sustained the demurrer, and awarded a peremptory mandamus against the Auditor, and he appealed.

1st. So much of the response as alleges that Crise was not the owner of land upon which the levee was located, and the damages assessed, was insufficient, as clearly indicated in *Crise vs. The Auditor*, 17 *Ark.* 579. This fact was sufficiently ascertained by the inquest of damages, and it was not the province of the Auditor to go back of that. If Crise was not the owner or proprietor of the land—if the inquest was a mere fraud gotten up by him to speculate upon the public treasury, the remedy of the State to set aside the inquest for such fraud, and prevent the payment of the damages assessed to him, is plain and ample.

2. So much of the response as denies that the levee had been placed under contract was responsive to an allegation of the petition, and was sufficient to put the matter alleged at issue.

When the case was first here, this Court decided, upon a careful consideration, and full discussion of the matter, that under a proper construction of the 40th section of the act of 12th January, 1853, the petitioner was not entitled to be paid the damages assessed to him until the levee was at least under contract, *Crise Ex parte*, 16 *Ark.* 194. After which he

amended his petition, and stated, upon oath, " *that upon the taking and return of said inquisition and assessment, said levee was placed under contract by, or under the authority of the board of swamp land commissioners, and became, and is in process of construction.*"

That this allegation was material, must be regarded as *res adjudicata.* If it be true, as affirmed by the solemn oath of the appellee, he will have no difficulty in procuring evidence thereof, and obtaining the damages assessed to him by the jury, from the public treasury. If it be false, he is not entitled to the money.

The judgment of the Court below is reversed, and the cause remanded for further proceedings.