## BARNETT, Ex parte.

1. HABEAS CORPUS: *Erroneous proceedings not corrected by.*

   The petitioner entered a plea of guilty to an indictment for criminal abortion and the court assessed his punishment as upon conviction of a felony. On the next day, having concluded that the indictment charged only a misdemeanor the court, caused the plea to be withdrawn, quashed the indictment and made an order for the submission of the charge to the grand jury and for admitting the prisoner to bail. After the court had adjourned for the term the prisoner, who remained in jail, presented to the judge at chambers his application to be discharged on *habeas corpus*, which was refused. On petition to review such refusal by *certiorari*, *held:* (1.) That whether the court erred in causing the plea to be withdrawn, could be determined only on appeal or writ of error; (2.) That whether the facts entitle the petitioner to be discharged from further prosecution or not, is a question which might be presented either by a motion for discharge made in the original cause, or by special plea to a new indictment. But such question can not be raised by *habeas corpus*.

2. SAME: *Review of proceedings on: Practice.*

   The action of a circuit judge in refusing to discharge a prisoner on *habeas corpus* will be affirmed, where it appears that the petitioner is held to answer a criminal charge, under an order of the circuit court regular on its face, and which that court had power to make.

CERTIORARI to *Pope* Circuit Court.

G. S. CUNNINGHAM, Judge.

*D. B. Granger* and *G. W. Shinn*, for petitioner.

The court erred in setting aside the defendant's plea of guilty, the sentence, in quashing the indictment and holding the prisoner to await the action of the grand jury. The indictment was valid, and it was the duty of the court to try the defendant for the misdemeanor charged therein. 45 Ark., 333; Mansf. Dig., secs. 2106-7; 43 Ark., 91; 26 Id., 260; 42 Id., 35; Mansf. Dig., sec. 2157; 18 Wall., 163, 205; Hurd on Habeas Corpus, pp. 335-6, 1st ed.; 85 U. S., 163; 93 Id., 18; 104 Id., 604; 121 Id., 1.

The remedy by *habeas corpus* is the only one left to the

prisoner, since the judgment below was set aside.  There was nothing to appeal from.    18 Wall., 163 ;  3 Otto, 18.

*W. E. Atkinson*, Attorney General, for respondent.

This court cannot release the  defendant  from custody because of former jeopardy.  This point is elaborately discussed in the following cases :    *Wright v.  State*, 5  Ind.,  290 ; *Ex parte  Ruthven* 17 Mo.,  541 ;  *Miller  v.  Snyder*, 6 Ib.,  1 ; *Wright v. State*, 7 Ib.,  324 ;  *State v. Sheriff*, 24 Minn., 87 ; *Wentworth v. Alexander*, 66 Ind., 39.

The judgment  of a court  of general criminal jurisdiction justifies  imprisonment.   In such  cases,  the writ of *habeas corpus* should not be awarded.   See Op., C. J.  Marshall in *Ex parte Watkins*, 3 Pet., 193.   See also *Ex  parte Booth*, 3 Wis., 145.   See *Ex parte Semler*, 41 Ib.,  517.

When ˙judgment  is arrested and *nol. pros.* entered,  the circuit court has power,  independent of statute,  to  bind defendant over to  answer  a new  indictment  for same offence. *Gordon v. State*, 35 Ala.,  432, and cases cited.

Where defendant is acquitted  for a flaw  in an indictment, he may be remanded for a  new trial at the next court under new indictment.   See *U. S. v. Smith*, 2 Cranch, C. C. 111.

COCKRILL, C. J.

This is a petition to review by *certiorari*  the refusal of the judge of the Pope circuit court to  discharge  the petitioner upon *habeas corpus*.   It appears from  the record which has been certified to us in  the usual way in  such  cases,  [see *Arkansas Industrial Co., v.  Neel*, 48 Ark., 283 ; *Jackson, ex parte*, 45 Ib.,  158,] that an indictment was returned by the grand jury against  the petitioner  "for criminal abortion," and  that he entered  a plea of guilty to  the indictment, whereupon the court assessed his  punishment at one  year's

Barnett, Ex Parte.

imprisonment in the penitentiary and a fine of $50, and remanded him to custody to await sentence.    On the next day the court concluding that the indictment charged only a misdemeanor, caused the defendant's plea of guilty to be withdrawn; the indictment was quashed and the cause was held for the action of the grand jury, the amount of bail required of the prisoner being fixed by the court.    He remained in jail and after the court had adjourned for the term, presented his petition to the judge at chambers to be discharged.    It is the action of the judge in this behalf we are called upon to review.    The argument is that the indictment charges a misdemeanor and that the petitioner, having been convicted of that offence, cannot be longer held in custody for any grade of offence growing out of the same transaction.

The indictment is set forth in the record, but it is immaterial whether it charges a felony, a misdemeanor or no offence at all.    In no event could the question whether the court erred in causing the defendant's plea of guilty to be withdrawn be determined in this proceeding without making the writ of *habeas corpus* serve the office of an appeal or writ of error, which is wholly beyond its function.    If the facts entitled the petitioner to be discharged from further prosecution, as to which the parties may profitably consult *Lange, ex parte*, 18 Wall., 163, he might have obtained his discharge upon motion in the same cause.    *Atkins v. State*, 16 Ark., 574–5, or he may do so by special plea to a new indictment for the same offence.    He cannot raise the question by *habeas corpus*.    Wharton Pl. and Pr., secs. 477, 996; 1 Bish. Cr. Pro., sec. 821; Church on Habeas Corpus, secs. 253, 255; Hurd on Habeas Corpus, B'k 2, ch. 6, sec. 1; *Pitner v. State*, 44 Tex., 578; *Wentworth v. Alexander*, 64 Ind., 39; *State v. Sheriff*, 24 Minn., 87; *Com. v. Nor-*

1. HABEAS CORPUS: Erroneous proceedings not corrected by.

*ton*, 8 Serg. and R., 71; *Ex parte Hartman*, 44 Cal., 32; *Semler's Petition*, 41 Wis., 517; *Ex parte Ruthven*, 17 Mo., 541.

2. SAME:
Review of
proceedings
on: Prac-
tice.

The order on which he is held is regular on its face and one which the court had power to make. Mansf. Dig. secs. 2158, 2169; *Hortsell v. State*, 45 Ark., 59; *Gordon v. State*, 35 Ala., 430. We extend the inquiry no further. *Brandon, ex parte*, 49 Ark., 143.

In the case of *Jackson, ex parte*, 45 Ark., 158, where the petitioner was released on *habeas corpus* after conviction before a justice of the peace, it clearly appeared that the fact for which he was committed was not a crime for which he could be punished in any tribunal, and we proceeded only in accordance with the practice of the court of King's Bench at common law in directing his discharge. Hurd on Habeas Corpus, *supra*.

The action of the circuit judge in refusing the prayer of the petition is affirmed.