## Ex parte PERDUE.

### Opinion delivered December 16, 1893.

*Habeas corpus—Validity of commitment by magistrate.*

> On certiorari to review the action of the circuit court in refusing to discharge a prisoner on *habeas corpus*, where it appears that petitioner is held under a regular commitment by a magistrate in a cause wherein he had jurisdiction, the sufficiency of the evidence upon which the commitment was made will not be inquired into.

Certiorari to Union Circuit Court.

CHARLES W. SMITH, Judge.

*Jesse B. Moore* for petitioners.

*Jas. P. Clarke*, Attorney General, for respondent.

BUNN, C. J. The defendants, charged with the crime of removing mortgaged property, on being properly brought before Lee Ward, one of the justices of Union county, were by him bound over to appear before the Union circuit court, and for that purpose were commit-

ted to the Union county jail, in default of making bail in the sum of two hundred and fifty dollars each.

Subsequently, they presented their petition to the Hon. Charles W. Smith, the judge of the 13th judicial circuit, which includes the said county of Union, and with it the evidence in the cause, or so much thereof as affects the issue relied on in the petition. Upon the hearing of this petition, the judge of the circuit court denied the prayer thereon, and remanded the prisoners without change of order as to bail. Furnishing special bail for the occasion, the prisoners, through their counsel, have filed their petition in this court in the nature of an appeal from the order of the circuit judge, and present with the same a transcript of the proceedings in the case, and ask a review, and the attorny general appears, waives the issuance and service of the writ, and consents that the transcript so presented may be held and taken as the transcript duly certified by the proper officer, and attached to his return.

The ground, and the only ground, upon which this application is made, is that the deed of trust, by which the lien is alleged to be created upon the property alleged to have been unlawfully removed, *does not contain the name of a grantee; that is to say, does not name any person as trustee.* The deed of trust seems to have been made out, or attempted to be made out, upon a printed form, and there was a failure to insert, in the blank spaces left for that purpose, the name of any person to act as trustee.

This is an application for an absolute discharge, and not for bail, on the sole ground that, since there is no grantee named in the deed of trust, it does not create such a lien as is contemplated in our statute prohibiting the removal of mortgaged property, and that, therefore, defendants are guilty of no crime known to the law. The application is made under section 3572, Mansfield's

Digest, and particularly under the first subdivision of that section, and the language is as follows, to-wit: " Sec. 3572. If it appear that the prisoner is in custody by virtue of process from any court legally constituted, or issued by any officer in the exercise of judicial proceedings before him, such prisoner can only be discharged in one of the following cases : First. Where the jurisdiction of such court or officer has been exceeded either as to matter, place, sum or person."    *   *   *

The law prohibiting the removal of mortgaged property is contained in the act of March 7, 1893 (Acts 1893, p. 74).

This court, on proper petition and showing, will review the action of judges of the other courts of the State, on application for writs of *habeas corpus*. *Ex parte Good*, 19 Ark. 410 ; *Ex parte Kittrel*, 20 *id.* 499 ; *Ex parte Harbour*, 39 *id.* 126 ; *Ex parte Jackson*, 45 *id.* 158.

On application for the writ sued out for the purpose of securing the absolute discharge of prisoners, like the application now before us, this court said, in the case of *State* v. *Neel*, 48 Ark. 289 : " If the person restrained of his liberty is in custody under process, nothing will be inquired into, by virtue of the writ, beyond the validity of the process upon its face, and the jurisdiction of the court by which it was issued." The same rule is stated in effect in *Ex parte Barnett*, 51 Ark. 215.

The jurisdiction of the justice of the peace in this case, as to the subject matter—the crime alleged—to examine and commit the person charged, is unquestioned, and the commitment is in good form. The difficulty seems to be (according to the contention of the defendants, so fairly presented by their counsel) that since the deed of trust, if not the sole evidence of the commission of the offense charged, is, at all events, such an essential part of the evidence as without it the charge

in no case could be sustained, therefore, if that evidence be inadmissible or incompetent in a trial of the cause, no case can possibly be made out, and therefore no crime known to the law is really properly charged.

It will be readily seen that to rule upon the admissibility or competency of testimony becomes a necessity, if the position of defendants be the correct one. But, is not this passing upon the character of evidence purely a function of the court of original jurisdiction to examine and commit in a case like this ? We cannot interfere with courts of primary jurisdiction, whose judgments upon questions of this kind are conclusive until reversed or annulled in some manner requiring the exercise of this court's appellate jurisdiction. The simple question, is or is not the deed of trust sufficiently formal to create the lien, and become the proper subject of record ? is sufficient perhaps to suggest that this court should proceed no further.

In some jurisdictions, where, by statute, the court or judge, hearing the application for discharge under the writ, is permitted or required to inquire if the prisoner is held for reasonable or probable cause, the rule is obviously different ; but we have no such statute.

Again, in capital cases, on applications for the privilege of bail, and not for absolute discharge, the judge or court hearing the same, in the very nature of things, must examine the testimony in the case, in order to ascertain if any given case is one in which the proof is not evident nor the presumption great, as provided in the constitution ; and in unquestionably bailable cases the testimony will be examined by the judge issuing the writ, in order to determine the amount of bail. This one, however, is a different character of case.

Prayer of petition denied.