## Ex parte ADAMS.

Opinion delivered December 22, 1894.

*County convicts—Contract of hiring—Habeas corpus.*

While a contract for the hire of county prisoners should stipulate that the contractor shall pay the costs of prosecution, a county prisoner who is hired out to a contractor is not entitled to be released on *habeas corpus* upon the ground that the contract omitted to provide for the payment of such costs, the county court having jurisdiction, and it not appearing that petitioner is unlawfully restrained of his liberty by reason of such omission.

Certiorari to Pulaski Circuit Court.

ROBERT J. LEA, Judge.

*Gray Carroll* and *Marshall & Coffman* for petitioner.

1. The contract is illegal and void because let contrary to law. 54 Ark. 645. A contract could not be "on terms most advantageous to the county" which leaves out a stipulation to relieve the county of costs.

2. The court had no power to leave out the stipulation to pay costs. 54 Ark. 645; Acts 1881, p. 149; Acts 1883, p. 125; Acts 1893, p. 207; 52 Ark. 178; 48 *id.* 283.

3. Certiorari is the proper remedy. 55 Ark. 275; 52 *id.* 213.

*John M. Rose* for Respondents.

Cites Acts 1881, p. 149; Acts 1883, p. 125; Acts 1893, p. 207. The record cannot be attacked collaterally. 55 Ark. 275. *Habeas corpus* not a substitute for appeal. 48 Ark. 283; 51 *id.* 215.

BATTLE, J. James Adams was convicted, in the Pulaski circuit court, of an aggravated assault, and was thereafter delivered to S. M. Apperson and G. A. Leeper, to be "kept and worked" under a contract made by them

with the Pulaski county court for the hire of prisoners. He petitioned to the Pulaski circuit court for a writ of *habeas corpus* and release from the custody of Apperson and Leeper, as such contractors. The writ was granted and served; and Apperson and Leeper responded by bringing him in court, and showing that they held him in custody by virtue of a commitment of the Pulaski circuit court and their contract for the hire of prisoners. Upon a hearing of the petition, the circuit court denied him relief, and remanded him into the custody of the contractors; and thereupon he appealed to this court for the same relief.

The ground upon which appellant seeks to be relieved from the custody of Apperson and Leeper is, their contract with the county court of Pulaski county for the maintenance, safe keeping and working of prisoners committed to the jail of that county did not relieve the county from all liability for jail fees and other costs. His contention is that this omission renders the contract void.

In the act entitled "An act to reduce the expenses of enforcing the criminal laws in this State," approved March 22, 1881, authority is given to the county courts in each county to make contracts with some responsible person or persons for the maintenance, safe keeping and working of persons committed to the jail of their counties. For this purpose, section two of the act provided "that whenever, in the judgment of the county court, it is advisable to enter into such contract, the county judge shall give notice by advertisement in some newspaper published in the county, and if no paper is published in the county, then by posting written or printed notices at ten public places in the county, for thirty days, for proposals for said contract; and shall, on the day appointed, close the contract with the person or persons who shall *undertake the duties required by this act* on the terms

most. advantageous to the county. Provided, that no contract shall be made that will not entirely relieve the county from all liability for jail fees and other costs and will secure the payment of all fines into the county treasury." In 1883 this section was amended, and the proviso was omitted, but the county judge was required to make the contract "with the person or persons who shall undertake the duties required" by the act, on the terms most advantageous to the county; and the act required the contractor to pay, at the time of delivery to him of any prisoner, "to the officer in charge of such prisoner, all the costs due to the officers of the court in the prosecution of such convict." Acts of 1883, p. 125. In 1893 section 2 was again amended by making it the duty of the county court, instead of the county judge, to give the notice and make the contract. In other respects the meaning of it was left unchanged. Acts of 1893, p. 208.

The object of the act and the amendments of the same was to relieve the county of costs. In all of them the judge or court was and is required to make the contract for the hire of convicts with the person or persons who shall undertake the duties required by the act, on the terms most advantageous to the county, among which is the duty to pay costs. For the purpose of complying with the statute, a stipulation to that effect should be incorporated in the contract.

But, granting that there is no stipulation binding Apperson and Leeper to pay costs, appellant can take no advantage of it in this proceeding. If it has been omitted, the omission was an error or irregularity in the proceedings of the court, and is not a jurisdictional defect, and did not render the contract void. We have often held that neither the error nor the irregularity of a judicial proceeding, so long as it does not affect the

jurisdiction of the court, can be reviewed on a writ of *habeas corpus.* Ex parte *Jackson*, 45 Ark. 158; *Arkansas Industrial Co.* v. *Neel*, 48 Ark. 283; Ex parte *Brandon*, 49 Ark. 143; Ex parte *Barnett*, 51 Ark. 215; In re *Burrow*, 55 Ark. 275.

Additional reasons can be given for not granting the writ in this case. In their contract with the county court, Apperson and Leeper agreed, among other things, to furnish the prisoners a sufficient quantity of good and wholesome food and proper clothing and medicine, and to treat them humanely, and to pay to the county ten cents for each days labor performed by each convict. It does not appear that they could have been hired on more advantageous terms to themselves and to the county. The presumption is, they could not. In the evidence before us, it does not appear that the amounts paid and to be paid for the labor of appellant will not be sufficient to pay all the costs for which he was liable on account of his conviction. While the contract for the hire of prisoners should stipulate for the payment of costs, the failure to do so could not affect the interest of any one concerned as to the costs against appellant, if the total amount of his hire is sufficient to pay the same. But be that as it may, it does not appear that the term for which he is hired and will be restrained of his liberty will be affected by this failure, because he cannot be held under a contract for hire on account of his conviction of the aggravated assault for any time exceeding one day for every fifty cents of the fine and costs and for the further time he has been adjudged to be imprisoned. Mansfield's Digest, sec. 1235. A contract to pay for his hire at a greater rate than fifty cents a day would of course lessen his term of imprisonment, if he labored, but it does not appear that the prisoners could have been hired on better terms than they were. So it

does not appear that the issue of the writ of *habeas corpus* was actually necessary, or could have served any useful purpose in relieving appellant of unlawful and unnecessary restraints upon his liberty.

Judgment affirmed.