## Ex Parte Ruthven.

1. The fact that the jury, before whom a prisoner has once been tried upon an indictment for a capital offence, was discharged by the court for disagreement, before the end of the term, without his consent and in his absence, will not authorize his release on *habeas corpus*.

*Query.* Would it be a bar to a subsequent trial on the same indictment?

This was an application for a *habeas corpus*, the grounds of which are fully set forth in the opinion of the court.

*Gardenhire*, (attorney general,) for the State. The discharge of the jury from giving a verdict in a capital case, without the consent of the prisoner, the jury being unable to agree, is not a bar to a subsequent trial for the same offence. Courts are invested with discretionary authority, in cases of this nature, and have a right to discharge the jury ; and the security which the public have for the faithful, sound and conscientious exercise of this discretion rests, in this as in other

35—VOL. XVII.

cases, upon the responsibility of the judges under their oath of office. *United States* v. *Perez*, 9 Wheat. 579. *Commonwealth* v. *Purchase*, 2 Pick. 520. *The People* v. *Goodwin*, 18 J. R. 200. *Wyatt* v. *The State*, 1 Blackf. 257.

*Parsons* and *Edwards*, for the petitioner. 1. The discharge of the jury by the court, in the absence of the prisoner, and without his consent, was in violation of law; and he was thereby acquitted of the charge for which he was put on trial. Bill of rights, section 10. *Commonwealth* v. *Cook*, 6 S. & R. 577. Haywood's (N. C.) Rep. 276. *Ned*, (a slave) v. *State*, 7 Porters' Rep. 187. *Commonwealth* v. *Clew*, 3 Rawle, 498. Hawkins' P. C. 619. *State* v. *McKee*, 1 Bailey, 651. 2. To put the prisoner again upon his trial on said indictment, would be in violation of section five, article seven of the constitution of the United States. 3. The discharge of the jury, under the circumstances, being an acquittal of the prisoner, he is entitled to be discharged on *habeas corpus*.

GAMBLE, Judge, delivered the opinion of the court.

The petitioner states, that he was indicted for murder, and confined in the jail of Cole county, upon that indictment; that at the November term of the Circuit Court of that county, in the year 1852, there was a trial of the cause; and that after it had continued for twelve days, the cause was committed to the jury, who retired to consider of their verdict, and after an absence of a few hours returned into court, and announced to the court that they could not agree, and that two of their number were indisposed; that the judge directed the jury to retire for half an hour or an hour, and he would consider whether they should be discharged; that, at the expiration of the period fixed, they came into court, and were discharged by the court, without the consent of the prisoner or of his counsel, and in the prisoner's absence, as he had been taken back to jail immediately after the jury had first retired from the bar of the

court, and had ever since continued there ; that two days after the jury was discharged, his counsel, at the same term of the court, moved the court to discharge him from custody under the indictment, because the court had illegally discharged the jury ; but the court overruled the motion, and he has ever since continued to be confined in the jail of Cole county, under said indictment, and the process and proceedings had thereon, which, he alleges, is an illegal confinement, from which he is entitled to be discharged, and he prays for a writ of *habeas corpus.*

1. The parties have agreed, that the merits of the case should be considered upon the application, as the petition is accompanied by a transcript of the record, which shows all the facts upon which they rely. They have accordingly argued with research and ability, the question, whether the prisoner can be again tried upon the indictment, and have produced authorities on each side from the decisions of eminent judges. In the course of their investigation, they have not produced any case in which this question was determined upon a *habeas corpus.* It appears in some of the cases, that the defence was made in the form of a plea in bar of another trial; in others, that a motion for discharge was made, and the decision upon that motion was reviewed in an appellate court. The question is one that has never before occurred in the administration of the criminal law in this state, and it is to be hoped will not often occur hereafter.

It is the opinion of the court, that the statute regulating proceedings on the writ of *habeas corpus*, does not require the decision of this question in this case, as it forbids the examination of the merits of an application, in a case where the prisoner is confined under an indictment, or under process issued thereon. The language of the twelfth section of the third article is imperative. " No person imprisoned on an indictment found in any court of competent jurisdiction, or by virtue of any process or commitment to enforce such indict-

ment, can be discharged under the provisions of this act." The prisoner in this case is imprisoned on an indictment found in a court of competent jurisdiction. He cannot be discharged upon *habeas corpus* by showing that he has a defence to it; and if the facts on which he relies be a defence in law, they must be used in the court in which the indictment is pending. If that court fail to give them their proper effect, this court, as an appellate court, can correct the error; but on a *habeas corpus*, it acts with no more power than belongs to a justice of the county court, under the *habeas corpus* act, and will not, under such process, review the proceedings of the Circuit Court. It is said that the discharge of the jury discharges the indictment. The Circuit Court has decided otherwise. Shall a justice of the county court, on *habeas corpus*, review this decision, and discharge the prisoner? We think not; nor will this court. The *habeas corpus* is refused.