WILLIAM PITNER V. THE STATE.

HABEAS CORPUS.—On *habeas corpus* the accused cannot interpose the plea of *autrefois acquit*. He can only have its benefit by special plea entered in the court in which the indictment is pending.

APPEAL from Houston. Tried below before the Hon. R. S. Walker.

*W. A. Stewart*, for appellant.

*A. J. Peeler, Assistant Attorney General*, for the State.

ROBERTS, CHIEF JUSTICE.—This is an appeal from the judgment of the District Court in the case of *habeas corpus*, wherein it was determined by the court that this was not the proper remedy to try the issue of *autrefois acquit*. In this the court did not err. The appropriate remedy, if the appellant is entitled to any, is by a special plea entered in the court in which the indictment is pending, under

which the appellant is imprisoned. (Paschal's Dig., art. 2951.) The indictment for assault with intent to murder is still standing in full force against him in a court of competent jurisdiction, and in such case the court is not allowed by the statute to discharge the defendent upon a *habeas corpus*, but upon a hearing thereof, to admit him to bail, which was done in this case. (Paschal's Dig., art. 2627.)

That *habeas corpus* is not the proper remedy in such a case has been decided substantially by this court in accordance, it is believed, with well-established authority. (Perry *v.* The State, 41 Tex., 488; Wright *v.* The State, 7 Ind., (Porter,) R., 324; Hurd on *Habeas Corpus*, p. 335–344; Commonwealth *v.* Norton *et al.*, 8 Serg. & Rawle, 71.)

The judgment must therefore be affirmed.

AFFIRMED.