## W. WALLING v. THE STATE.

1. RAPE. — INDICTMENT alleged that without the consent and against the will of the female named the defendant did "violently and feloniously rape, ravish, and carnally know her." *Held*, sufficient to charge a rape "by force."

2. PRACTICE. — The enforcement of the "rule" for sequestering witnesses is a matter largely confided to the discretion of the judge who presides at the trial; and unless it is shown that his discretion was abused, his action in the matter will not be revised on appeal.

APPEAL from the District Court of Bell. Tried below before the Hon. L. C. ALEXANDER.

There is no occasion for a detail of the evidence. The appellant was found guilty of rape, and his punishment was assessed at five years in the penitentiary. A motion for a rehearing was made and overruled. The female witness alluded to in the opinion was the lady upon whom the outrage was perpetrated. The youth of the appellant doubtless accounts for the lenity of the jury.

*Boyd & Holman* and *W. I. Cole*, for the appellant; also *Willie & Cleveland*, on motion for a rehearing.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J. It is contended on the part of the appellant that the indictment does not sufficiently describe the offence charged, in that it does not aver that the carnal knowledge of the woman was obtained in any manner known to the law which defines the offence of rape; in other words, that the indictment does not charge that the carnal knowledge was obtained by force, threats, or fraud. The indictment does not charge threats or fraud; the only question is, does it charge that the carnal knowledge was obtained by force. The indictment does charge that it was done without her consent and against her will, and that he "did then and there violently and feloniously rape, ravish, and carnally know" the female.

We are of opinion that the objection to the indictment is not maintainable. The word "violently," as used in the indictment, is equivalent to the word "forcibly," and supplies its place. But further: the word "ravish," employed in the indictment, is equivalent to the words employed in the Code, as was expressly decided in *Gutierez* v. *The State*, 44 Texas, 578, and followed by this court in *Williams* v. *The State*, 1 Texas Ct. App. 90. See the latter case, and authorities

there cited. The indictment is sufficient both as to form and substance.

It is shown by a bill of exceptions that during the progress of the trial below the defendant offered to place a witness on the stand to testify against a female witness for the State, as to her character, but was not permitted to do so, for the reason that, whilst the witness had been placed under the rule, the proffered witness had not, but had remained in the court-house during the examination of at least a portion of the witnesses. It is not shown that the witness was an expert. The circumstances under which the court acted are fully set out in the bill of exceptions. Matters of this character are necessarily confided to the discretion of the judge who presides at the trial, and, for aught that is made to appear by the bill of exceptions or otherwise, we are unable to determine that the discretion confided to the judge was abused by him. Several objections are taken to the charge of the court; as to which we need only say that these objections are either untenable, or, if there was error, it enured to the benefit of the defendant.

The judgment is affirmed.

*Affirmed.*