## Ex Parte Felix R. Jones.

### No. 4908.   Decided February 6, 1918.

**1.—Habeas Corpus—Bail.**

Where, upon appeal from a habeas corpus proceeding denying bail, the evidence sustained the judgment below there is no error.

**2.—Same—Second Application—Pleading—Rule Stated.**

Where relator contended that the indictment for robbery is based upon the same fact as the indictment for murder, for which he had been granted bail, but there was no pleading in the court below touching this contention, and relator endeavored to supply this defect by second application for habeas corpus, the same can not be considered. Following Johnson v. State, 26 Texas Crim. App., 631, and other cases.

**3.—Same—Same Offense—Practice—Volition—Identity of Act.**

If the two indictments embraced but one criminal act, the court might judicially take cognizance thereof and dispense with special pleadings, but the fact that the injuries were both inflicted in one criminal transaction is not sufficient, and the volition must be identical. Murder and robbery are made by statute separate offenses, and the courts have generally refused to make inquiry and determine the identity of the act in a habeas corpus proceeding. Following Ex parte Crofford, 39 Texas Crim. Rep., 547, and other cases.

**4.—Same—Rule Stated—Dismissal—Indictment.**

This rule does not obtain in a case where the subsequent indictment is for the identical offense upon which a previously dismissed indictment was found, and where there is no controversy as to the identity of the act, and bail can not be denied in the same case where the original indictment was dismissed and a new one found; following Ex parte Augustine, 33 Texas Crim. Rep., 1, and other cases; or after acquittal in one county to try him on the same charge in another. Following Ex parte Davis, 48 Texas Crim. Rep., 644.

**5.—Same—Reason of the Rule—Identity of Criminal Act.**

The reason of the rule not to determine the identity of the criminal act in a habeas corpus proceeding is that the decision of the question of identity often depends on controverted facts, and is a character of inquiry adapted to the solution by the jury. Following Augustine v. State, 41 Texas Crim. Rep., 59, and other cases.

**6.—Same—Case Stated—Former Jeopardy—Murder—Robbery.**

The question as to whether relator robbed and killed deceased and acted on one volition or two, and the circumstances proved as bearing upon the identity of the transaction are questions of fact to be passed on under a plea of former jeopardy or former acquittal, but can not be determined in a habeas corpus proceeding.

**7.—Same—Identity of Transaction—Res Adjudicata, When.**

Where defendant was denied bail in a case of robbery with deadly weapons, and contended that he had been indicted also for murder for the same transaction and had been bailed, and that therefore he should be bailed in the instant case, this court, if it is required to compare the evidence and determine the issue as to identity, would hold that the transactions were not identical in the sense that the judgment granting bail in the murder case would be res adjudicata of his claim for bail in the robbery case.

Appeal from the District Court of El Paso. Tried below before the Hon. W. D. Howe.

Appeal from a habeas corpus proceeding denying bail upon a charge of robbery with deadly weapons.

The opinion states the case.

*M. Scarbrough, Peurser & Peden,* and *A. L. Dale,* for relator.—Cited Moore v. State, 33 Texas Crim. Rep., 166; Herera v. State, 35 id., 607.

*E. B. Hendricks,* Assistant Attorney General, and *Leigh Clark,* District Attorney, for the State.—Cited Ex parte Hubbard, 140 S. W. Rep., 451; Branch's P. C., p. 150, sec. 237; State v. Switzer, 65 S. C., 187; State v. Van Buren, 86 S. C., 297.

MORROW, JUDGE.—Relator was indicted for the robbery of Thomas Lyons with a deadly weapon, and, on habeas corpus proceeding, was denied bail by the District Court of El Paso County, Thirty-fourth Judicial District.

We have carefully read the statement of facts, and, omitting a discussion of the evidence in detail, express the opinion that it was such as warranted the judgment.

Relator insists, however, that he is entitled to his discharge by reason of the fact that on his indictment for the murder of Thomas Lyons he was granted bail on his application for habeas corpus, and that the present indictment for robbery is based upon the same facts and involves the same transaction as the indictment for murder. There was no pleading in the court below touching this contention, and relator endeavors to supply this defect by second application for habeas corpus in the court below and an original application here. Neither can be considered for the reason that they are not based upon facts requisite in a second application under article 185 and article 219, Code of Criminal Procedure. The general rule requires matters of this nature to be set up in the pleading. Johnson v. State, 26 Texas Crim. App., 631;

Pye v. Wyatt, 151 S. W. Rep., 1086; Vernon's C. C. P., p. 22; O'Connor v. State, 28 Texas Crim. App., 288; State v. Railway, 165 S. W. Rep., 491.

The rule would probably not be applicable in this case for the reason that, if in fact the two indictments embrace but one criminal act and differ in name only and not in fact, and therefore relate to the same offense, the court would judicially know the proceedings in the application for habeas corpus in the murder case, and this knowledge would dispense with pleading and proof. Foster v. State, 25 Texas Crim. App., 543. It is not always true that one transaction will constitute but one offense. Wharton's Crim. Law, vol. 1, p. 528. "The fact that the injuries were both inflicted in one criminal transaction is not sufficient. The volition must be identical." People v. McDaniels, 92 Am. St. Rep., 121, note and cases cited; Bishop's New Crim. Law, sec. 1051; Keaton v. State, 41 Texas Crim. Rep., 621; Mann v. Commonwealth, 111 Am. St. Rep., 289; Wright v. State, 37 Texas Crim. Rep., 627; Augustine v. State, 41 Texas Crim. Rep., 59; Ashton v. State, 31 Texas Crim. Rep., 482.

Murder and robbery are made by statute separate offenses, embodying different elements depending not necessarily upon the same facts. Where an accused is indicted by separate indictments for distinct offenses and claims that the identity of the transaction upon which the two indictments is based is such that it constitutes but one criminal act, the courts have generally refused to make inquiry and determine the identity in a habeas corpus proceeding. This was the holding of the Supreme Court of this State in Citner v. State, 44 Texas, 578, and in Perry v. State, 41 Texas, 488, and of this court in Ex parte Crofford, 39 Texas Crim. Rep., 547, and such appears to be the general rule. Bishop's New Crim. Proc., vol. 2, p. 637, sec. 821, subdiv. 2; Ex parte Ruthven, 17 Mo., 541; Wright v. State, 7 Ind., 324; Wright v. State, 5 Ind., 290; 60 Am. Dec., 90; State v. Williams, 92 S. W. Rep., 151; Church on Habeas Corpus, sec. 253; 21 Cyc., 309; Hovey v. Sheffner, 15 L. R. A. (N. S.), 227, and note. The reason of this rule doubtless is, that the decision of the question of identity often depends upon controverted facts and involves an inquiry into the credibility of witnesses, the existence of and inferences to be drawn from circumstances, and is a character of inquiry adapted to solution by a jury. The rule does not obtain in a case where the subsequent indictment is for the identical offense upon which a previously dismissed indictment was found, and where there is no controversy as to the identity. In such a case it is held, under article 217, Code of Criminal Procedure, which is invoked by relator in this case, that one granted bail after indictment for murder could not be denied bail in the same case where the original indictment was dismissed and a new one found. Ex parte Augustine, 33 Texas Crim. Rep., 1. The same principle controls the decision of this court in Ex parte Davis, 48 Texas Crim. Rep., 644, where relator was granted

relief against an effort, after his acquittal of a particular murder in one county, to try him on the same charge in another. There was no question of identity of offenses. The difficulty of determining the identity of offenses, that is to say, of determining whether they embrace one volition or more, whether they exhibit the will to commit one criminal act or more, is illustrated in numerous cases found in the reports. Instance, Taylor v. State, 41 Texas Crim. Rep., 564, 55 S. W. Rep., 961; Keaton v. State, 41 Texas Crim. Rep., 621; Augustine v. State, 41 Texas Crim. Rep., 59; Wright v. State, 37 Texas Crim. Rep., 627; Warren v. State, 113 N. W. Rep., 143; Mann v. Commonwealth, 111 . Am. St. Rep., 289; State v. Caddy, 87 N. W. Rep., 927, and numerous cases cited in the note to Hughes v. Commonwealth, 31 L. R. A. (N. S.), 693, and in People v. McDaniels, 92 Am. St. Rep., 92, and notes.

No recital of the evidence nor review of the facts will be attempted. Summarized they show that the deceased, Thomas Lyons, resided near Silver City, New Mexico, and on the night of May 17, 1917, reached El Paso by appointment with relator, got into an automobile with him and another about 9 o'clock at night, and that the following day his body was found in a ravine some four miles distant bearing upon it evidence of various blows upon the face and head from some of which death resulted. On the habeas corpus hearing in the murder case these facts and certain circumstances tending to bring another into juxtaposition of the homicide were introduced, but no evidence of robbery or issue thereof was involved. On the hearing to be reviewed in this appeal the same evidence as that in the murder case was introduced, and in addition thereto evidence that the deceased was robbed by the relator, one witness testifying that relator admitted that he robbed deceased and killed him, stating, among other things, that he hit him with a hammer knocking him senseless and afterwards beat him over the head with a piece of twisted iron to keep him from coming to, and then took from him what money he could find. This witness also testified that relator admitted that he had been hired and paid to kill deceased. The truth of the testimony of this witness is vigorously attacked, and much of the evidence and other circumstances are controverted. The question as to whether relator robbed and killed deceased and as to whether in doing so he acted on one volition or two, whether he committed the offense of robbery and subsequently committed the offense of murder, or did but one criminal act, the credibility of the witness relied upon, the inference to be drawn from the circumstances proved as bearing upon the identity of the transaction, were questions of fact which, with propriety, could be passed upon under a plea of former jeopardy in the event jeopardy should attach in the murder case, and the prosecution for robbery be afterwards pressed, but they present a condition so complex as to illustrate the wisdom of the rule herein above referred to declaring that the issue of the identity of the criminal act upon which separate indictments for different offenses are founded, will be available in a plea of former

acquittal, former conviction or former jeopardy, but not determined in a habeas corpus proceeding. If, however, the law requires us to compare the evidence and determine the issue as to identity, we are unwilling to hold that the trial court was not right in its conclusion, that the transactions were not identical in the sense that the judgment granting bail in the murder case would be res adjudicata of his claim for bail in the robbery case.

The·judgment of the lower court is affirmed.

*Affirmed.*