Ex Parte H. J. Spanell.

No. 5397.   Decided May 14, 1919.

1.—Former Jeopardy—Former Acquittal—Writ of Habeas Corpus—Rule Stated.

A writ of habeas corpus is not designed to effect an appeal, or operate as a writ of error or certiorari; and the court on habeas corpus will not, for the purpose of discharging the applicant, consider the sufficiency of facts relied on as evidencing a former acquittal for the same offense for which he is in custody. Following Ex parte Crofford, 39 Texas Crim. Rep., 547, and other cases. Disapproving Ex parte Davis, 48 Texas Crim. Rep. 644.

2.—Same—Case Stated—Habeas Corpus—Former Acquittal.

Where in an original application for habeas corpus to this court relator sought to be discharged from custody on the ground that he had heretofore been placed in jeopardy and acquitted of the murder of his wife in the same act, volition and transaction for which he had so been in jeopardy and acquitted, was one and the same as that now charged against him, etc., held, that the application must be dismissed as the relator cannot be discharged on writ of habeas corpus on a plea of former jeopardy.

3.—Same—Former Acquittal—Former Conviction—Habeas Corpus—Rule Stated.

A plea of former acquittal, or conviction, or jeopardy is one of fact as well as law and the only proper place to have the same originally presented and determined is in a trial court upon a plea duly presented and supported, and this being an appellate court, and not a trial court the matter should be first adjudicated in the District Court.

4.—Same—Former Appeal—Former Opinion—Practice on Appeal.

The law of this case was announced in the majority opinion on the former appeal, and should be in all things followed by the trial court without speculation as to what may be done at any future time and without regard to any change in the complexion of this court.

From Coleman County.

Original habeas corpus proceeding asking release on the ground of former jeopardy in a case pending for trial in the District Court.

The opinion states the case.

No brief on file for relator.

E. A. Berry, Assistant Attorney General, for the State.—Spanell v. State, 203 S. W. Rep., 357; Quitzow v. State, 1 Texas Crim. App., 65; Pritchford v. State, 2 id., 69; Williams, 13 id., 285; Morton, 37 Texas Crim. Rep. 131.

LATTIMORE, Judge.—In this case relator, Harry J. Spanell, in an original application for *habeas corpus*, seeks to be discharged from the custody of the sheriff of Coleman County, Texas, by whom he is held under a *capias* issued in a case pending in the District Court of said county wherein relator is charged with the murder of M. C. Butler. The ground for the relief sought is that relator has heretofore been placed in jeopardy and acquitted of the murder

of Crystal Spanell, it being alleged in the application that the act, volition and transaction for which he has so been in jeopardy and acquitted, was one and the same as that now charged against him. and that the evidence in support of said charge was, and will be, the same as that upon which he was formerly tried; and that unless he be discharged under this writ he will again be placed on trial and in jeopardy in violation of his legal and constitutional rights.

It is objected by the State *in limine,* that a writ of *habeas corpus* will not lie in such case, and that any action in the premises on our part would be a trespass upon the jurisdiction of a court of existing and competent jurisdiction, to-wit, the District Court of Coleman County. This question is by no means a new one, either in this or the other States of the Union.

In the Pitner case, 44 Texas, 578, same being a case in which the only issue was the right to a discharge on *habeas corpus,* upon a plea of former acquittal, Chief Justice Roberts upheld the action of the lower court in refusing such relief, and says: "That *habeas corpus* is not the proper remedy in such a case, has been decided substantially by this court in accordance, it is believed, with well established authority." This case is cited with approval in the Brill case, 1 Texas Crim. App., 152, in which similar relief was sought and denied, Judge Winkler holding in that opinion: "Agreeable to the case made by the record, *habeas corpus* is not the remedy for the wrong complained of. Perry v. State, 41 Texas, 408. The writ f *habeas corpus* is not a proper remedy to try the issue of *autrefois acquit;* the appropriate remedy is by special plea entered in the court in which the indictment is pending under which the party is held. Pitner v. State." In ex parte Rogers. 10 Texas Crim. App., 655, the Pitner case is again approved, and Judge White there says: "While we do not feel called upon to decide whether or not the same rule applies to a plea of former jeopardy, we feel authorized in saying that the pleas have many characteristics in common and much of the same reasoning is applicable and strong in support of both." In the Griffin case, 5 Texas Crim. App., 457, in an opinion by Judge White, it is held: "The writ of *habeas corpus* is not designed to effect an appeal or operate as a writ of error or *certiorari*; and the court, on *habeas corpus,* will not, for the purpose of discharging the applicant, consider the sufficiency of facts relied on as evidencing a former acquittal for the same offense for which he is in custody" In Ex parte Crofford, 39 Texas Crim. Rep., 547. the present presiding judge of this court, in a case in which the only question was that presented here, sustained the same position in an opinion, the gist of which is tersely expressed in the syllabus, as follows: "The writ of *habeas. corpus* cannot be resorted to for the purpose of discharging an applicant on a plea of former jeopardy." This rule of the courts is in consonance with sound reason

and is adhered to by the courts of most of the States of the Union, whose opinions are before us.  State v. Sheriff, 24 Minn., 87; Ex parte McLaughlin, 41 Calif., 211; Ex parte Hartman, 44 Calif., 32; Steimer v. Norton, 6 Wash., 23;  In re Allison, 13 Colo., 525;  In re Mahoney, 29 Colo., 442;  In re Terrill, 58 Kan., 815;  State v. Crim. Sheriff 45 La., 316;  Ex parte Barnett, 51 Ark., 215; State v. Sistrunk, 138 Ala., 68;  Commonwealth v. Norton, 8 Ser. & R., 72; Ex part  Bigelow, 113 U. S. 328;  Ex parte Johnson, 129 Am. St. Rep., 860;  In re Belt, 159 U. S. 95;  Whitten v. Tomilson, 160 U. S. 231;  Ex parte Ruthven, 17 Mo., 541.

To the same effect appears to be the law as written in the text books and enclycopedias 21 Cyc. 305; 9 Encyc. P. & P. 632; Church on Habeas Corpus, 2nd  edition, sec. 253;  I Bishop's New Crim. Proc., sec. 821.

There is but one authority in this State known to us which seems to hold contrary to the doctrine of the above citations, same being the Ex parte Davis case, 48 Texas Crim. Rep., 644. A careful examination and analysis of this case convinces the writer of this opinion that in the conclusions reached, the said opinion is not sound either in holding that the admitted case showed one in which the relator was entitled to have his plea of *autrefois acquit* sustained, or that this court had power or authority to so decide in said case and to discharge.

A plea of former acquittal, or conviction, or jeopardy is one of fact as well as law and the only proper place to have the same originally presented and determined is in a trial court upon a plea duly presented and supported.  This is an appellate court and not a trial court, and will not take cognizance of questions of law or fact determinable in some court of competent jurisdiction in which a cause involving such question, may be pending. The writ of *habeas corpus* was never intended to interrupt the due and orderly administration of the criminal law.  The reason is very easily apparent.  How could this court know except the evidence be introduced before it, that the issues of fact and law arising on a future hearing will be identical with those already determined? Could the identity of such facts be admitted in advance?  It is impossible; and even if possible, a decision in such case would become a mooted question in which this court would in no event attempt to take jurisdiction or render a binding judgment.  We further observe that the law of this case was announced in the majority opinion on the former appeal and should be in all things followed by the trial court without speculation as to what may be done at any future time, and without regard to any change in the complexion of this court.

For the reason stated, the writ is dismissed and the relator is remanded.

*Relator remanded to Custody.*