### Ex parte MITCHUM. (No. 6773.)

(Court of Criminal Appeals of Texas. Feb. 1, 1922.)

**1. Habeas corpus ⬅3—Writ not granted on ground of jeopardy.**

A defendant under indictment for illegally manufacturing intoxicating liquor will not be granted writ of habeas corpus on the ground that he has been convicted in the federal court of the same offense, since former jeopardy constitutes a defense which must be proved in the lower court during the prosecution under the indictment.

**2. Habeas corpus ⬅111(1)—One cannot secure discharge by habeas corpus after indictment.**

After indictment, one cannot secure discharge by habeas corpus even if it be agreed that under the facts he is not guilty.

**3. Criminal law ⬅295—Accused claiming former jeopardy has burden of showing his conviction of same offense.**

The burden is upon the accused claiming former jeopardy to show to the satisfaction of the court by proof that he has theretofore been convicted of the same offense charged in the pending indictment.

**4. Intoxicating liquors ⬅132—Law forbidding manufacture of liquor not repealed by Acts 37th Leg. 1st Called Sess. c. 61.**

The law forbidding the manufacture of intoxicating liquor was not repealed by Acts 37th Leg. (1921) 1st Called Sess. c. 61.

Original ex parte application for writ of habeas corpus by Doc Mitchum. Application denied, and applicant remanded to custody of sheriff.

R. E. Taylor, of Fort Worth, and Benson & Benson, of Bowie, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. [1] This is an original application to this court for a writ of habeas corpus seeking relief from an alleged illegal restraint of applicant by the sheriff of Wise county. Applicant is under indictment in said county for illegally manufacturing intoxicating liquor. His restraint is by virtue of a warrant issued under said indictment. He says that such restraint is illegal because he has been convicted in another court of competent jurisdiction, to wit, the United States District Court for the Northern District of Texas, of the same offense charged in said indictment pending in Wise county. He attaches to his petition for habeas corpus an agreement of himself and the county attorney of Wise county that the offense so charged and that for which he was so convicted are based on one and the same transaction. He wishes us to decide whether he can be convicted in the state courts for the same offense for which he has been convicted in the federal court. He does not claim that he has been tried and convicted in said state courts, but admits that the prosecution is merely pending there. As the matter is here presented, it is a moot question, and one which we must decline to attempt to decide. The identical question was passed upon by us in Ex parte Spanell, 85 Tex. Cr. R. 304, 212 S. W. 172. Manifestly, and as we have often held, the trial courts are the tribunals in which all issues of fact must be brought to judgment. Ex parte Jennings, 76 Tex. Cr. R. 116, 172 S. W. 1143. Jeopardy, former acquittal or conviction, constitute defenses which must be proved in the lower court, and same is not a matter whose sufficiency can be tested by habeas corpus. Ex parte Crofford, 39 Tex. Cr. R. 547, 47 S. W. 533; authorities collated in subdivision 11, p. 105, Vernon's C. C. P.

[2] After indictment one cannot secure discharge by habeas corpus, even if it be agreed that under the facts he is not guilty. Ex parte Kent, 49 Tex. Cr. R. 12, 90 S. W. 168; Ex parte Windsor (Tex. Cr. App.) 78 S. W. 510; Ex parte Adams (Tex. Cr. App.) 90 S. W. 24; Ex parte Jennings, supra.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It may be admitted in a trial court that the act and transaction involved in the case then on trial is the same as that for which a single conviction was theretofore had in a prosecution under an indictment charging numerous, varied, separable, and separate crimes in different counts, but such admission or agreement could not be made the basis in this court for testing the validity of a conviction had in any court or the right to try not yet attempted to be exercised in any court.

[3] The burden is upon the accused to show to the satisfaction of the court by proof that he has theretofore been convicted of the same offense charged in the pending indictment.

[4] We do not agree with applicant's contention that the law forbidding the manufacture of intoxicating liquor in this state was repealed by the act of the Special Session of the Thirty-Seventh Legislature (Acts 37th Leg. [1921] 1st Called Sess. c. 61).

The application for writ of habeas corpus is denied. The applicant will be remanded to the custody of the sheriff of Wise county.