E. G. BLAKELEY v. THE STATE.

No. 6882.    Decided April 12, 1922.

Intoxicating Liquor—Possession—Indictment—Sale.

An indictment for the possesion of intoxicating liquor under the present law can be maintained only where the possession is for the purpose of sale. Following Francis v. State, 90 Texas Crim. Rep., 67, and other cases.

Appeal from the District Court of Tarrant. Tried below before the Honorable Geo. B. Hosey.

Appeal from a conviction of unlawful possession of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful possession of intoxicating liquors.

The offense was committed prior to the enactment of Chap. 61 of the Acts of the Thirty-seventh Legislature, amending Chap. 78 of the Acts of the 36th Leg., 2nd Called Session, in which amendment the definition of the offense was changed.

An indictment for the possession of intoxicating liquor under the present law can be maintained only where the possession is for the purpose of sale. The insufficiency of the indictment charging the offense of which the appellant is convicted requires that the cause be reversed and the prosecution dismissed. This is conceded by the Assistant Attorney General. See Francis v. State, 90 Texas Crim. Rep., 67; 235 S. W. Rep. 580, and Ex parte Mitchum, 91 Texas Crim. Rep. 62, 237 S. W. Rep. 935-936.

*Reversed and dismissed.*