### BLAKELY v. STATE.　(No. 6882.)

(Court of Criminal Appeals of Texas. April 12, 1922.)

Intoxicating liquors ⬦139—Possession not an offense unless it is for purpose of sale.

Under the present law, since the enactment of Acts 37th Leg. 1st Called Sess. (1921) c. 61 (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.), amending Acts 36th Leg. 2d Called Sess. (1919) c. 78, by which the definition of the offense of possessing intoxicating liquor was changed, a prosecution for the possession of such liquor can be maintained only where such possession is for the purpose of sale.

Appeal from Criminal District Court, Tarrant County; George E. Hosey, Judge.

E. G. Blakely was convicted for the unlawful possession of intoxicating liquors, and he appeals. Reversed, and prosecution dismissed.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. The conviction is for the unlawful possession of intoxicating liquors.

The offense was committed prior to the enactment of chapter 61 of Acts 37th Leg. 1st Called Sess. (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.), amending chapter 78 of Acts 36th Leg. 2d Called Sess., in which amendment the definition of the offense was changed.

An indictment for the possession of intoxicating liquor under the present law can be maintained only where the possession is for the purpose of sale. The insufficiency of the indictment charging the offense of which the appellant is convicted requires that the cause be reversed and the prosecution dismissed. This is conceded by the Assistant Attorney General. See Francis v. State (Tex. Cr. App.) 235 S. W. 580, and Ex parte Mitchum (Tex. Cr. App.) 237 S. W. 935, 936.