## Ex Parte Jess Rambin and Alfred Simpson.

No. 7449.   Decided October 18, 1922.

Rehearing Denied November 8, 1922.

**1.—Robbery—Firearms—Habeas Corpus—Bail—Practice in Trial Court.**

It is not necessary to a disposition of this case to enter into the question of the admissibility of evidence as raised in the court below, there being sufficient legal evidence to support the judgment rendered.

**2.—Same—Habeas Corpus—Bail—Robbery by Firearms.**

Where, upon appeal from a judgment denying bail on an indictment for robbery by an assault and with firearms, it appeared from the record before this court that the trial court was justified in declining to grant

bail to the appellants, the judgment denying bail will be affirmed without further discussion.

**3.—Same—Rehearing—Defense—Alibi.**

Where, upon motion for rehearing, the attention of this court is called to certain testimony tending to support the defense of an alibi, which was not overlooked in rendering the original opinion, and believing that said opinion reflects a correct holding, the motion for a rehearing is overruled.

Appeal from the District Court of Nacogdoches. Tried below before the Honorable L. D. Guinn.

Appeal from a judgment of the District Court, denying bail on a writ of *habeas corpus*, upon a charge by indictment of robbery by firearms.

The opinion states the case.

*Russell & Seale,* for appellant Simpson. and *S. M. Adams,* for appellant Jess Rambin.—Cited case in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Following their indictment for robbery by assault and with firearms, these appellants sued out a writ of *habeas corpus* in the District Court of Nacogdoches County seeking bail, which upon hearing was denied both, and from such judgment they have appealed.

There was much wrangling over the admissibility of evidence which will in nowise be discussed by us because not necessary to a disposition of the case, and for the further reason that it would be difficult to here discuss the concrete question of the admissibility of evidence as raised on the *habeas corpus* hearing before the court, without being drawn into fruitless labor. There is in the record apparently sufficient legal evidence to demand the judgment now rendered, and the matters involved in the contentions may present themselves in somewhat but not exactly similar settings upon the final trial of this case.

Dr. Parrish and appellant Rambin were partners in a teaming and contracting business. Parrish had sold Rambin a half interest in said business, taking his note for several thousand dollars. About the 25th of May these two in company with appellant Simpson drove to various places in Nacogdoches County, and Dr. Parrish was last seen alive in the company of the two men. They were driving in the doctor's Buick car. The doctor had his watch, medical case and some other objects in the car. About five weeks later a decomposed body sufficiently identified as that of Dr. Parrish was found tied to a log in the bottom of a lake in Nacogdoches County. About this time the doctor's car was located at the garage of a man named Davis in

Livingston, county seat of Polk County. There was much blood on the back of the seat of the car and on the steering wheel. Mr. Davis, the proprietor of the garage, said that on the morning of May 26th this car was brought to his place by two men about the age and size of the appellants. Another citizen of Polk county testified that on the morning of the 26th of May he saw these appellants about eight miles from Livingston and that they asked him how far it was to the next big town, and that he told them. Appellant Simpson was driving the car. The witness took the number and make of the car appellants were driving, and states that about two hours and a half later he saw the car in Davis' garage in Livingston, where it remained until driven away by the sheriff of Nacogdoches County. Apparently a little before the finding of the body of the doctor his clothes and medicine case were found in the Angelina river.

Appellant Rambin, upon his return from the trip upon which Dr. Parrish disappeared, stated to the doctor's wife that her husband had gone to California to engage in some work there and that he wanted her to sell what she had and join him in California. It was also in testimony that Rambin stated that Dr. Parrish had had trouble growing out of his having locked a woman in his office and that her husband and father had threatened him with trouble, and that he had left partly on account of this matter. Rambin told a number of people that on the trip in question they had not met in Jacksonville a man from California who had made to Dr. Parrish an offer to go there and work, and that the doctor had accepted the proposition and was going to drive through in his car. It was also in testimony that Rambin claimed that before the doctor left they had had a settlement of their partnership affairs, and that the doctor admitted that Rambin had paid out the amount of his indebtedness to the doctor for the purchase of the partnership property. Rambin sought at various times after the disappearance of the doctor to get into his possession the wagons, harness, mules, etc., belonging to the partnership.

We have stated this much of the evidence as a basis for our conclusion that the trial court was justified in declining to grant bail to these appellants. Certain questions of law raised on this appeal were involved in Ex parte Jones, 83 Texas Crim. Rep., 12, same being a case in which after indictment for murder there was an indictment for robbery and a denial of bail.

Under the well settled decisions of this court, entertaining the views we have of the evidence in this record, the judgment denying bail will be affirmed without further discussion.

*Affirmed.*

ON REHEARING.
November 8, 1922.

HAWKINS, JUDGE.—Alfred Simpson has filed a motion for rehearing in which our attention is called to certain testimony tending

to support his defense of an alibi. This was not overlooked in our examination of the testimony originally. The statement of facts con-contains 231 typewritten pages, embracing many questions relative to the admissibility of evidence. It would be impracticable to undertake to discuss in detail the evidence, as well as to attempt in this proceeding to pass upon the questions of law relative to the admissibility, or otherwise, of evidence. We believe, considering only the legal evidence, our former opinion reflects a correct holding, and the motion for rehearing is overruled.

*Overruled.*