Ex Parte Jack Carlile and John Davis.

No. 7462.  Decided November 1, 1922.

**Habeas Corpus—Robbery by Firearms—Former Jeopardy.**

Where relators in their original application for *habeas corpus* presented to this court, alleged that they were charged with robbery by firearms, and that they had been acquitted heretofore for the same offense, and that the district judge refused to hear their application for bail; held that the application on behalf of each applicant is granted, and the writ made returnable before the District Court of Cameron County, with directions to said court to hear the facts, and to grant applicants bail in a nominal sum, if they show that they have been tried and acquitted for the identical acts.

From Cameron County.

Original *habeas corpus* proceeding, asking bail in a nominal sum because defendants have been heretofore acquitted of robbery by firearms and assault to rob, and that the case charged in the present indictment are identically the same, and the district judge has refused application for *habeas corpus* upon these facts.

The opinion states the case.

*E. T. Yates.* for relators.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—This is an original application for *habeas corpus* presented to This Court on behalf of Jack Carlile and John Davis, it being alleged in said application that the applicants are now in the custody of the sheriff of Cameron County upon charges by indictment with robbery by firearms and also with assault with intent to rob. It is set forth in said application that at a former day applicants were tried in the District Court of Cameron County, a court of competent jurisdiction, for the offense of robbery with firearms and were acquitted, and it is stated that the act, transaction and offense upon which said trial was had, was and is identical in every respect with that which it charged in the several indictments under which applicants are now held. It is further stated that after the last mentioned indictments were returned against applicants, that they applied to the Honorable District Judge of Cameron County seeking release from custody upon the ground that a plea of jeopardy in their behalf, setting up the fact that they had already been tried and acquitted for the transaction and offense upon which they are now held, would be good. Also it is stated that the application to said district judge sought release upon a nominal bond in the event said court should conclude that a plea of jeopardy would be good and should prevail upon a final hearing. It is further stated that said district judge, upon the authority of Ex parte Spanell, 85 Texas Crim. Rep., 304, 212 S. W. Rep., 172, declined to discharge applicants because of his belief in the fact that a plea of former jeopardy should prevail; also that said district judge declined to consider the facts and proof offered by applicants to show that they had already been tried and acquitted for the same act, transaction and offense forming the basis of the prosecution under which they are now held, in determining the amount of bond which should be granted to applicants, and that the bond fixed by said court for each applicant was the sum of $2,500 in the robbery cases and $1,000 in the assault to rob cases, and that applicants are unable to make said bonds and are being detained and will be detained for a long time and until the next term of court, when they are entitled in law and justice to their discharge.

This court correctly held in the Spanell case, *supra,* and in the Mitchum cases, 91 Texas Crim. Rep., 62, 237 S. W. Rep., 935-936, and in Ex parte Jones, 83 Texas Crim. Rep., 12, 200 S. W. Rep., 1085, and in many other cases, that a plea of jeopardy presents a defense, the sustaining of which involves a decision upon the facts which should be submitted at the time of a. trial and cannot be determined in a *habeas corpus* hearing. This court has never held that the ques-

tion of whether or not a plea of former jeopardy was good and should prevail could not be heard and considered by a court having jurisdiction to hear facts, in determining whether or not the parties were entitled to a bail commensurate with the crime charged and the probability of a conviction being had upon the trial, nor do we think this court ever will make such finding. This court is not a *nisi prius* court and is without authority to hear evidence and from it determine issues of fact in any case save one involving the jurisdiction of this court. The facts relative to the matters set up in said application here presented by applicants, while sworn to by a reputable attorney, are not agreed to by the district attorney, nor are they certified to by the district judge, nor by anyone authorized to so agree on behalf of the State. There does appear in the record a statement by the sheriff of said county of his agreement to the facts as stated by applicants, but the sheriff is given no authority in law to bind the State by such agreement.

Inasmuch as the right of applicants to a bond commensurate with the facts, depends upon what those facts may be shown to be, and this must be determined in a court having power to hear the facts, the application on behalf of each applicant is granted and the writ of *habeas corpus* will be issued by the clerk of this court and made returnable before the Honorable District Court of Cameron County, with directions to said court to hear the facts, and if he be satisfied that applicants have been tried and acquired for the identical acts, transactions and offenses embraced in the indictments under which they are now held, that said court should fix and grant to said applicants bail in a nominal sum for their appearance before said court at a time when he may make final disposition of said cases upon a trial on the merits.

*Writ of Habeas Corpus granted returnable before District Court.*