**Ex parte CARLILE et al. (No. 7462.)**

(Court of Criminal Appeals of Texas. Nov. 1, 1922.)

1. **Courts** ⬤∞209(1)—**Criminal Court of Appeals without authority to determine issues of fact except those involving its jurisdiction.**

The Criminal Court of Appeals is not a nisi prius court, and is without authority to hear evidence and from it determine issues of fact in any case save one involving its jurisdiction.

2. **Habeas corpus** ⬤∞107—**Will issue to hear and determine allegations of former jeopardy; where right to bail depends on facts, writ will issue to hear facts, and fix bail, if justified.**

Where the right of applicants for habeas corpus, on the ground of former jeopardy, to a bond commensurate with the facts depended upon what those facts might be shown to be, which must be determined by a court having power to hear them, the writ should be issued, with directions that such court hear the facts, and if satisfied that defendants have been tried and acquitted for the identical acts and offenses embraced in the indictment under which defendants are held to fix nominal bail for their appearance for trial upon the merits.

Original **ex parte** application for writ of habeas corpus by Jack Carlile and another. Application granted.

E. T. Yates, of Brownsville, for applicants.
R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. This is an original application for habeas corpus presented to this court on behalf of Jack Carlile and John Davis; it being alleged in said application that the applicants are now in the custody of the sheriff of Cameron county upon charges by indictment with robbery by firearms and also with assault with intent to rob. It is set forth in said application that at a former day applicants were tried in the district court of Cameron county, a court of competent jurisdiction, for the offense of robbery with firearms, and were acquitted, and it is stated that the act, transaction, and offense upon which said trial was had was and is identical in every respect with that which is charged in the several indictments under which applicants are now held. It is further stated that after the last-mentioned indictments were returned against applicants, they applied to the honorable district judge of Cameron county, seeking release from custory upon the ground that a plea of jeopardy in their behalf, setting up the fact that they had already been tried and acquitted for the transaction and offense upon which they are now held, would be good. Also it is stated that the application to said district judge sought to release upon a nominal bond in the event said court should conclude that a plea of jeopardy would be good and should prevail upon a final hearing. It is further stated that said district judge, upon the authority of Ex parte Spanell, 85 Tex. Cr. R. 304, 212 S. W. 172, declined to discharge applicants because of his belief in the fact that a plea of former jeopardy should prevail; also that said district judge declined to consider the facts and proof offered by applicants to show that they had already been tried and acquitted for the same act, transaction, and offense forming the basis of the prosecution under which they are now held, in determining the amount of bond which should be granted to applicants, and that the bond fixed by said court for each applicant was the sum of $2,500 in the robbery cases and $1,000 in the assault to rob cases, and that applicants are unable to make said bonds, and are being detained and will be detained for a long time and until the next term of court, when they are entitled in law and justice to their discharge.

[1, 2] This court correctly held in the Spanell Case, supra, and in the Mitchum Cases (Tex. Cr. App.) 237 S. W. 935, 936, and in Ex parte Jones, 83 Tex. Cr. R. 12, 200 S. W. 1085, and in many other cases, that a plea of jeopardy presents a defense, the sustaining of which involves a decision upon the facts, which should be submitted at the time of a trial and cannot be determined in a habeas corpus hearing. This court has never held that the question of whether or not a plea of former jeopardy was good and should prevail could not be heard and considered by a court having jurisdiction to hear facts, in determining whether or not the parties were entitled to a bail commensurate with the crime charged and the probability of a conviction being had upon the trial, nor do we think this court ever will make such finding. This court is not a nisi prius court, and is without authority to hear evidence and from it determine issues of fact in any case save one involving the jurisdiction of this court. The facts relative to the matters set up in said application here presented by applicants, while sworn to by a reputable attorney, are not agreed to by the district attorney, nor are they certified to by the district judge, nor by any one authorized to so agree on behalf of the state. There does appear in the record a statement by the sheriff of said county of his agreement to the facts as stated by applicants, but the sheriff is given no authority in law to bind the state by such agreement.

Inasmuch as the right of applicants to a bond commensurate with the facts depends upon what those facts may be shown to be, and this must be determined in a court having power to hear the facts, the application on behalf of each applicant is granted, and the writ of habeas corpus will be issued by the clerk of this court and made returnable before the honorable district court of Cameron county, with directions to said court to hear the facts, and if he be satisfied that applicants have been tried and acquitted for the identical acts, transactions, and offenses embraced in the indictments under which they are now held, that said court should fix and grant to said applicants bail in a nominal sum for their appearance before said court at a time when he may make final disposition of said cases upon a trial on the merits.