### MERLE J. RALLS V. THE STATE.

No. 23677. Delivered June 4, 1947.
Rehearing Denied November 12, 1947.

*Reed & Reed,* of Abilene, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction upon plea of guilty before the court of theft of an automobile, punishment two years in the penitentiary.

The sole question is complaint because the court refused to permit appellant to withdraw his plea of guilty.

Appellant filed an application for suspended sentence.

Appellant waived a jury and entered his plea of guilty before the court after proper warning and caution to him by the court. All the formalities required under the provisions of the Act of the 42d Legislature, p. 65, Arts. 10a and 12 C. C. P., were complied with before the court accepted the plea of guilty, and the State introduced evidence which conclusively showed the guilt of appellant.

The plea of guilty was entered on September 11, 1946. After hearing the evidence the court announced that he would find appellant guilty, but was undecided as to whether he would

suspend sentence, and requested and heard argument from counsel for appellant and for the State upon that issue, and then announced that he would take that issue under consideration. Later in the term of court, about October 22, the court announced to attorneys for the State and appellant that he had concluded not to suspend the sentence, whereupon oral request for leave to withdraw the plea of guilty was presented, and later by leave of the court, reduced to writing.

The bill of exception bringing the question forward was, without objection, qualified by the court, which qualification is as follows:

"The defendant waived a jury and plead guilty to the indictment before the Court and the case was fully developed, as shown by the Statement of Facts on file herein.

"At the close of the testimony the Court informed the defendant that he had plead guilty and he had heard the evidence and he was of the opinion that he was guilty and that he would find him guilty. (The court further stated that he was not satisfied as to the question of whether he would or would not suspend the sentence of the defendant and asked for argument. The defense attorney made an argument and the Court asked the District Attorney to make a statement, which the District Attorney did, after which the Court stated that he was going to send the defendant back to jail to determine in his mind whether he would or would not suspend the sentence, stating if he did not suspend the sentence he would give the defendant credit for the time spent in jail so he would not lose anything by reason of said fact.)

"Sometime later the Court indicated to the District Attorney and to the Attorney for the defendant that he was not going to suspend the sentence of the defendant, at which time the attorney for the defendant stated to the Court that if the Court felt that way about it that he would take the responsibiliy away from the Court and bring the defendant in and let him plead guilty before a jury and let them determine the issue. The Court told him that that would be like child's play to spend a half day trying the case and then because the defendant was dissatisfied with the verdict to go back and spend another half day in a trial before a jury, at which time the attorney for the defendant asked the Court to wait before sentencing the defendant and give him time to file an application to withdraw the case from the Court and to have a jury, which the Court

did. The defendant filed his motion at a later date and the same was overruled, as shown by the bill of exception herein."

Where a plea of guilty is entered before a jury the rule is well established that the plea may be withdrawn and a plea of not guilty entered at any time before the jury retires to consider of its verdict. This is the first time the question has been before this court since the law was amended permitting the waiver of a jury and pleas of guilty in certain felony cases to be made before the court. In such case the judge takes the place of the jury and when the formalities have been complied with, the evidence heard, and the judge takes the case under advisement it is very similar to the retirement of the jury to consider its verdict. In the present case, however, the judge announced that he found appellant guilty; that was his judgment on that phase of the case, and he only took under advisement whether to suspend the sentence. The judgment of the court was his announcement of what he had decided to do, the entry of same in the records of the court was evidence of the judgment.

We are much impressed with the statement made by the court to counsel for appellant that to permit the withdrawal of the plea of guilty "would be like child's play to spend a half day trying the case and then because the defendant was dissatisfied with the verdict, to go back and spend another half day in a trial before a jury."

We conclude that the trial court committed no error in declining to permit the withdrawal of the plea of guilty under the circumstances here present.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

For the first time on motion for a rehearing herein, appellant brings forth an allegation that the grand jury which returned the indictment against him was an illegal grand jury consisting of thirteen men, and therefore he moves this court to grant his motion for a rehearing and quash the indictment in this cause.

There appears in the record that which purports to be the order of the trial court entitled "GRAND JURY EMPANELLED" which reads as follows:

"On this the 2nd day of September, A. D. 1946, the Court proceeded to empanel the Grand Jury, and the following named persons who had been duly summoned as Grand Jurors for the September Term, 1946, of this Court, appeared in open court, and having been tested by the Court as to their qualifications and having been found to be qualified to serve as Grand Jurors, were duly sworn and empaneled as such in the manner prescribed by law, to-wit:

"Walter Blackburn, R. A. Bible, C. M. Prater, Jr., Thos. G. Roberts, Clyde Grant, Leo Harris, L. O. Groves, W. W. Reid, R. M. Turner, W. L. McMillan, Cramer Reynolds, Zeb Moore, Malcolm Beasley.

"Whereupon said twelve men, above named, were duly sworn and empaneled as a Grand Jury and were fully instructed by the Court, and R. A. Bible was appointed foreman by the Court and M. N. Oldham was appointed and sworn as Door Bailiff for the Grand Jury, and the Grand Jury retired to enter upon their duties."

A count of the names thus enumerated shows thirteen names, although immediately after such enumerated names there appears the phrase, "Whereupon said twelve men, above named, were duly sworn and empaneled as a Grand Jury", etc. This statement appears to be contradictory in the crucial point as to how many men served on the September term, 1946, grand jury in Taylor County.

This minute, in the first place, has no place in the record, and should not have been incorporated in the transcript, unless, as required by orderly procedure, an issue was made in the lower court relative to the number of men on the grand jury, when the matter could have been properly gone into and brought before us by bill of exceptions. If any such question was presented in the trial court, we find no mention of it in the record.

In the case of Vance v. State, 34 Tex. Cr. R. 395 (399), we held:

"We do not wish to be understood as holding that a jurisdictional question can not be raised for the first time in this court, but we cite these authorities to show that the proper practice would have been to have raised this question in the first instance in the court in which the indictment was found in this case. If not raised then, it should have been raised in the court to which the venue had been changed; and, if the record had disclosed the want of a jurisdictional fact, it could have been

remedied, and the truth ascertained, in either court. In this case the record proper—that is, such record papers as are required to be embraced in the transcript on a change of venue and in the transcript on appeal—does not show a want of jurisdiction in either of said tribunals, or in this court; but same is attacked in this instance by a paper in the record which constitutes in reality no part of the record, and, as we have seen, could not be made a part of the record by a writ of certiorari, so that we can treat the same as of no higher or greater efficacy than we would an affidavit of the fact showing a want of jurisdiction, and such affidavit or certificate can be rebutted, contradicted, or explained by other certificates or affidavits. Nor are we confined to the record of the trial court alone, but we can appeal to the records of the original tribunal in which the indictment originated, for, if it were otherwise, this court would be powerless indeed when its jurisdiction is attacked, as it appears to have been in this instance. Happily, we are not without such authority to make an investigation of the truth of the matter in order to ascertain our jurisdiction. The Constitution (article 5, section 6) provides, 'The Court of Appeals shall have power upon affidavits or otherwise, as by the court may be thought proper, to ascertain such matters of fact as may be necessary to the exercise of its jurisdiction.' And see Simmons v. Fisher, 46 Texas, 127.

"In connection with the motion of the Attorney-General, he has filed a certificate of the district clerk of King County, showing that in fact a legal grand jury of twelve qualified persons was impaneled in said King County, and found the bill of indictment in this case, and that the certificate of transfer, showing that there were eleven, which was sent to Baylor County, did not in fact speak the truth, but was a mistake. This certificate was brought to the attention of appellant and his counsel, and he has not sought to controvert the fact. Therefore, we take it that such certificate speaks the truth, and that the indictment in question was found and presented in King County by a legal grand jury, and that the court below had jurisdiction to try the cause, and a motion to dismiss same in this court is overruled."

It will be found that in such case the accused was indicted by a grand jury of King County for theft. The case was transferred to Baylor County for trial. For the first time in Baylor County, it was found in a minute of the King County court that only eleven men were named as composing the grand jury which indicted Vance, and it was contended that the indictment was void and that the court had no jurisdiction over a

void indictment. Reference to the Constitution in the quotation should be Article 5, Section 5, instead of Section 6.

In the present instance, it is shown that since the discovery of the thirteenth name on the grand jury minutes, the State has filed in the trial court a motion to correct said minutes so the same might speak the truth, and an entry was made nunc pro tunc evidencing the fact that Malcolm Beasley was not present, was not empaneled and did not serve as a member of the September grand jury. Regardless of whether the court was authorized to enter the nunc pro tunc order, we do not think the order empaneling the grand jury is a proper part of the record.

We held in the early case of Rich v. State, 1 Tex. App. 207 (210) as follows:

"We might, perhaps, be warranted in presuming that each of the jurors named was a competent juror; or, if the record had stated that the jury was composed of twelve competent jurors, we might be authorized to presume the clerk had omitted a name in transcribing the record, but, in the absence of any such statement, can we, by presuming, supply the omission?"

To the same effect is the reasoning in Gerard v. State, 10 Tex. App. 690.

In the Rich case, supra, the record reiterated that "the court empaneled the following jury", giving the names of only eleven men, being one short of a legal jury in a felony case. The court strongly intimated therein that had the record gone further and said that the court empaneled a jury of "twelve good and and lawful men", but only enumerated eleven of them, that such would authorize the presumption that the clerk had omitted one name in transcribing same.

It is evident herein that the statement complained of in the present record, contradictory as it is, should receive the construction suggested by the above quotations, the enumeration of thirteen names being followed by the statement that "whereupon said twelve men above named were duly sworn and empaneled as a grand jury", clearly evidencing the fact that the clerk inadvertently inserted one name as a grand juror who did not serve as such.

It is not necessary to write relative to an effort to correct the list of grand jurors in such purported nunc pro tunc order

and make the minutes speak the truth, since the writing complained of herein has no dignity or authenticity as a minute of the trial court; but if such writing attains the dignity of a minute of the court, then we further say, as was said in the Vance case, supra, that we recognize the fact that a jurisdictional question can be raised at any time, and if in truth the grand jury finding the indictment against appellant was composed of more than twelve individuals, then the indictment would be void and such could be availed of at any time.

Under the provision of Art. 5, Sec. 5 of the Constitution, we think the Court of Criminal Appeals has "power upon affidavit or otherwise to ascertain such matters of fact as may be necessary to the exercise of its jurisdiction." See Ex parte Carlile, et al, 92 Tex. Cr. R. 495, 244 S. W. 611; also Craddock v. State, 15 Tex. App. 641.

It is noted in the supplemental transcript on file herein that Thos. E. Hayden, Jr., makes affidavit to the effect that the thirteenth person named in the purported order empaneling the grand jury, namely, Malcolm Beasley, was not a member of such grand jury and did not serve as a member thereof; that the first twelve men named in such order constituted such grand jury, and that the name of Malcolm Beasley was placed on the list of grand jurors by inadvertence and mistake. Thereupon, a motion was filed in the court below by the District Attorney to correct said purported order empaneling the grand jury so that same might speak the truth by eliminating therefrom the name of Malcolm Beasley, and such motion was granted and said order was made to speak the truth, now for then; and the motion and affidavit are present in this court.

Regardless of whether the trial court could amend the minutes by the entry of the nunc pro tunc order to affect the present case after the jurisdiction of this court attached, we think that the jurisdiction of this court, having been assailed at the time and in the manner here shown, this court can take into consideration the affidavit showing the name of the thirteenth purported juror to have been entered by inadvertence and mistake, and that the September term, 1946, grand jury of Taylor County District Court was a legal grand jury, composed of twelve men.

Thus believing, the motion for a rehearing will be overruled.